**WYNNE LAW FIRM**
Edward J. Wynne (SBN 165819)
100 Drakes Landing Road Ste. 275
Greenbrae, CA 94904
Telephone: 415-461-6400
Facsimile: 415-461-3900

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GILBERT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP, INC.,<br><br>Defendant. | Case No. CV 08 0385<br><br>COMPLAINT<br><br>[CLASS ACTION]<br><br>JURY TRIAL REQUESTED |

Dan Gilbert on behalf of herself and all others similarly situated, alleges as follows:

### INTRODUCTION

1.  This is a nationwide collective action, on behalf of all Business Banking Officers, or the functional equivalent however titled, who are, or were, employed by Citigroup, Inc. or its parent, subsidiaries, divisions, related or successor companies to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act").

2.  Plaintiff also brings this action as a state-wide class action on behalf of all current and former Business Banking Officers within the State of California, who are or were employed by Defendant to recover overtime compensation and other wages and penalties due

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

1

COMPLAINT [CLASS ACTION]

pursuant to the California Labor Code, Industrial Welfare Commission Wage Orders, and the California Business & Professions Code.

3.     Plaintiff is unaware of the names and capacities of all defendants who may have caused or contributed to the harms complained of herein, but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

## SUMMARY OF CLAIMS

4.     Plaintiff brings this suit on behalf of a Nationwide Class defined as all current and former salaried Business Banking Officers and trainees who worked for Defendant at any time in the United States of America at any time from three years prior to the time this action is filed to the time the action is certified as a collective action.

5.     Plaintiff also brings this suit on behalf of a California Class defined as all current and former salaried Business Banking Officers and trainees who worked for Defendant at any time in California from four years prior to the time this action is filed to the time the action is certified as a class action.

6.     The California Class and the Nationwide Collective Class are hereafter collectively referred to as the "Class."

7.     Plaintiff alleges on behalf of the Nationwide Collective Class who elect to opt-in to this action that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law; and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

2

COMPLAINT [CLASS ACTION]

8.      Plaintiff alleges on behalf of the California Class that Defendant violated the California law by, *inter alia*: (i) failing to pay them overtime at the rate of one and one-half times the employee's regular rate for all hours worked in excess of forty hours in any given workweek, and/or in excess of eight hours in a workday; (ii) failing to pay them overtime at the rate of two times the employee's regular rate for all hours worked in excess of twelve hours in any day or for work in excess of eight hours on the seventh day of any workweek; (iii) failing to provide them with all of their required meal and rest breaks; (iv) failing to properly and timely pay all wages due and owing at time of termination; (v) impermissibly failing to reimburse for all business related expenses; and, (vi) failing to retain and provide accurate records of actual hours worked and wages earned by Plaintiff and the California Class.

9.      As a result of Defendant's willful violation of the FLSA and California law, Plaintiff and the Class were illegally under-compensated for their work.

## FACTUAL ALLEGATIONS

10.     Plaintiff and the other similarly situated members of the Class with the title Business Banking Officer, or the functional equivalent however titled, were inside sales people, and/or trainees to become inside sales people, engaged in the sale of financial products on behalf of Defendant, who regularly worked in excess of forty hours per workweek and/or in excess of eight hours per day without any premium for overtime pay as required by law.

11.     Due to the nature of the job responsibilities and requirements of Defendant's Business Banking Officers, Plaintiff and the members of the Class were required to work more than forty hours a week and/or more than eight hours per day during the course of their employment with Defendant.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

12. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for overtime work.

13. The duties of Business Banking Officers are set forth in uniform, company-wide policies and procedures promulgated by Defendant.

14. Pursuant to the Defendant's uniform employment policies, Business Banking Officers were, at certain times during the statutory coverage of this action, paid principally on a salary basis, irrespective of the hours actually worked, and were unlawfully classified as exempt from overtime compensation.

15. Plaintiff is informed and believes and thereon alleges that on or about June 2007, Defendant reclassified on a class-wide basis all of its Business Banking Officers from salaried exempt to hourly non-exempt status. Despite requiring its Business Banking Officers to work overtime hours during the time they were classified as salaried exempt, Defendant did not pay the back wages to the Business Banking Officers that continues to be due and owing.

16. In reclassifying the Business Banking Officers from exempt to non-exempt, Defendant did not change the duties and responsibilities of the position.

17. In reclassifying the Business Banking Officers from exempt to non-exempt, Defendant treated the Business Banking Officers as a class.

18. In reclassifying the Business Banking Officers from exempt to non-exempt, Defendant revealed that its previous classification of the Business Banking Officers as exempt was illegal and without substantial justification.

19. Defendant's employment policies regarding Business Banking Officers did not require them to hold any specific degree.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

4

COMPLAINT [CLASS ACTION]

20. Although the FLSA and California law provide for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

21. Plaintiff and members of the Class were not administratively exempt because their primary duty was and is the sale of financial products. Plaintiff and the Class did not perform work directly related to the management policies or general business operations of Defendant or its customers.

22. Plaintiff and members of the Classes were not exempt under the commissioned sales exemption because this exemption is unavailable to Defendant due to the fact that Defendant lacks a retail concept. Additionally, the commissioned sales exemption under California law is not available to Defendant because Defendant's incentive pay program was not a true commission pay plan under the law and/or Class members did not make more than half of their total compensation through the incentive pay plan.

23. Plaintiff and members of the Class were not exempt under the outside sales exemption under either the FLSA or California law because Business Banking Officers spent nearly all of their time inside one or more of Defendant's locations or traveling in between such locations.

24. Plaintiff and the Class do not qualify for the professional exemption under the FLSA or under California law because Business Banking Officers are not employed in a *bona fide* professional capacity, requiring a specific degree in a field of science or learning.

25. As such, Business Banking Officers, including Plaintiff and members of the Class, were wrongfully classified by Defendant, and were not exempt from the requirement of premium pay.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

5

COMPLAINT [CLASS ACTION]

26. In violation of the FLSA and California law, Plaintiff and the members of the Class have not been paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for work performed over the 40 hour work week and/or over 8 hours in a day.

27. Plaintiff alleges on behalf of the members of the Class that Defendant's failure to pay overtime was knowing and willful.

28. Evidence reflecting the precise number of overtime hours worked by Plaintiff and every other member of the Class, as well as the applicable compensation rates, is in the possession of Defendant.

29. Each of the foregoing acts is in contravention of applicable employment laws.

## JURISDICTION AND VENUE

30. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1332(d).

31. The amount in controversy exceeds $5,000,000.

32. Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

33. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

34. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district and the Defendants are subject to personal jurisdiction in this district.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

6

COMPLAINT [CLASS ACTION]

## PARTIES

35. Plaintiff Dana Gilbert is a resident of the State of California and was employed by Defendant as a salaried Business Banking Officer during the statutory time period covered by this Complaint, who Defendant failed to compensate for all hours worked, including those over forty hours per week and/or over 8 hours per day.

36. Plaintiff was a Business Banking Officer who worked out of multiple branches of Defendant in the State of California, including but not limited to Defendant's branches operating in this judicial district.

37. For purposes of the Nationwide Class, Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

38. At all relevant times during the applicable class period Defendant has operated nationwide, and has maintained offices within this district and the state, conducting business at those locations. Defendant employed, upon information and belief, hundreds of Business Banking Officers in the State of California at any one time and Plaintiff estimates the Nationwide Collective Class far exceeds that amount in total number of participants during the relevant statute of limitations period.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action on behalf of the Nationwide Collective Class as a collective action pursuant to the Fair Labor Standards Act, § 216(b) and on behalf of the California Class as a class action for claims under California law pursuant to Federal Rule of Civil Procedure 23.

40. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims under California law may be pursued by all

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

7

COMPLAINT [CLASS ACTION]

similarly-situated persons who choose not to opt-out of the California Class pursuant to Federal Rule of Civil Procedure 23.

### Allegations Applicable To All Classes

41.  The members of the classes are so numerous that joinder of all members is impracticable. The exact number of the members of the classes can be determined by reviewing Defendant's records. Plaintiff is informed and believes and thereon alleges that there are hundreds of individuals in both the Nationwide and California classes.

42.  Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

43.  A class action/collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

44.  A class and collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Class likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their violations of the FLSA and applicable California law.

45.  Even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

8

COMPLAINT [CLASS ACTION]

46. There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. Questions of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

    a. Whether Business Banking Officers were properly classified as exempt by Defendant from overtime compensation;

    b. Whether Defendant lacks a retail concept;

    c. Whether Plaintiff and members of the Class were expected to, and/or did as a matter of corporate policy and practice, regularly work hours in excess of forty per week and/or in excess of eight hours per day;

    d. The manner in which Plaintiff and members of the Class were compensated;

    e. The amounts and types of wage deductions Plaintiff and members of the Class were subject to; and

    f. Whether Plaintiff and the Class have sustained damages and, if so, what is the proper measure of damages.

### Allegations Specific To The Nationwide Collective Class

47. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of:

> All current and former salaried Business Banking Officers and trainees who worked for Defendant at any time in the United States of America at any time from three years prior to the time this action is filed to the time the action is certified as a collective action.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

9

COMPLAINT [CLASS ACTION]

48. Notice of the pendency and any resolution of this action can be provided to Nationwide Collective Class by mail, print, and/or internet publication.

### Allegations Specific To The California Class

49. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) of on behalf of herself and the following persons similarly situated:

> All current and former salaried Business Banking Officers and trainees who worked for Defendant at any time in California from four years prior to the time this action is filed to the time the action is certified as a class action.

50. In addition to the common issues of fact described above, the Class Members have numerous common issues of fact, including whether Defendant: (i) failed to compensate adequately the members of the California Class for overtime hours worked as required by California Wage Order 4-2001, 8 C.C.R. § 11040 and California Labor Code §§ 510 and 515; (ii) committed an act of unfair competition under Business & Professions Code § 17200 *et seq.*, by not paying the required overtime pay as required by applicable law; (iii) failed to provide all required meal and rest breaks in violation of California Labor Code § 226.7; (iv) failed to maintain and provide members of the California Class with accurate and detailed records of hours worked and wages earned, pursuant to California Labor Code § 226 and 1174; (v) improperly failed to reimburse California Class members for business related expenses in violation of California Labor Code § 2802; and (vi) damaged members of the California Classes, and if so, the extent of the damages.

### COUNT ONE

51. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

10

COMPLAINT [CLASS ACTION]

52. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each member of the Nationwide Collective Class within the meaning of the FLSA.

54. As stated above, Defendant had a policy and practice of refusing to pay overtime compensation to its Business Banking Officers for the hours worked in excess of forty hours per week.

55. Defendant's failure to pay Plaintiff and all other members of the Nationwide Collective Class for all hours worked in a given workweek, and failure to pay overtime compensation at a rate not less than one and one-half times their regular rate for work performed beyond the 40 hour workweek, is in violation of 29 U.S.C. §§ 206, 207.

56. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

57. Due to the Defendant's FLSA violations, Plaintiff, on behalf of the members of the Nationwide Collective Class, is entitled to recover from Defendant unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

### COUNT TWO

58. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

59. The Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.* ("FLSA"), mandates that an employee must be paid overtime compensation in an amount equal to one and

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

11

COMPLAINT [CLASS ACTION]

one-half times the employee's regular rate of pay for all hours worked in excess of forty per week.

60. Plaintiff and members of the CA Classes regularly worked more than forty hours per week, but were not paid overtime compensation in an amount equal to one and one-half times the employee's regular rate of pay.

61. Plaintiff and members of the California class did not meet the tests for exemptions under the FLSA.

62. Defendant has committed an act of unfair competition under Bus. & Prof. Code § 17200 *et seq.* by not paying the required FLSA overtime pay to the members of the California class.

63. Pursuant to Bus. & Prof. Code § 17203, Plaintiff requests an order requiring Defendant to make restitution of all FLSA overtime wages due to the California class in an amount to be proved at trial.

### COUNT THREE

64. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

65. California Wage Order 4-2001, 8 C.C.R. § 11040 and Labor Code § 510(a) state that an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty per week, and/or eight per day, unless the employee falls under one of the enumerated exemptions.

66. California Labor Code § 510(a) further states that any work in excess of twelve (12) in one day or in excess of eight (8) hours on the seventh day in one workweek shall be compensated at a rate of no less than twice the employee's regular rate of pay.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

12

COMPLAINT [CLASS ACTION]

67. Plaintiff and members of the California Class regularly worked more than 40 hours per week, and/or 8 hours per day, and received no premium pay for these hours.

68. During the statutory time period covered by this action, Plaintiff and members of the California class did not meet the tests for exempt status under the California Wage Orders and California Labor Code.

69. Defendant has committed an act of unfair competition under Bus. & Prof. Code § 17200 *et seq.* by not paying the required state law overtime pay to the members of the California class.

70. Pursuant to Bus. & Prof. Code § 17203, Plaintiff requests an order requiring Defendant to make restitution of all state law overtime wages due to the California Class in an amount to be proved at trial.

## COUNT FOUR

71. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

72. Pursuant to California Labor Code Section 1194, Plaintiff and members of the California Class are entitled to recover their overtime wages, plus interest, attorney's fees, and costs, in amounts to be proven at trial.

## COUNT FIVE

73. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

74. Labor Code § 2802, as well as applicable case law, states that an employer shall reimburse its employees for all business related expenses reasonably incurred by the employee in the furtherance of his/her duties and responsibilities.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

13

COMPLAINT [CLASS ACTION]

75. Defendant, pursuant to its Company-wide policy, illegally required members of the California Class to incur business related expenses in order to carry out their duties and responsibilities yet did not reimburse its employees for such expenses which were incurred at the employee's expense for the benefit of Defendant.

76. Defendant has committed an act of unfair competition by illegally failing to reimburse business related expenses to members of the California Class.

77. Pursuant to Bus. & Prof. Code § 17203, Plaintiff requests Defendant make restitution of all unpaid expenses due to the California Class, in an amount to be proven at trial.

## COUNT SIX

78. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

79. Defendant willfully and intentionally failed to pay Plaintiff and the other members of the California Class, who are no longer employed by Defendant, all the wages they were due and/or by the deadlines imposed under Labor Code §§ 201 and 202 upon cessation of the class members' employment with Defendant. Plaintiff and the other members of the California Class did not secret or absent themselves from Defendant nor refuse to accept the earned and unpaid wages from Defendant. Accordingly, Plaintiff and members of the California Class no longer employed by Defendant are entitled to waiting time penalties per Labor Code § 203 of up to thirty (30) days' pay, in an amount to be proven at trial.

## COUNT SEVEN

80. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

14

COMPLAINT [CLASS ACTION]

81. In violation of Labor Code § 512 and IWC Wage Order 4, Defendant failed to provide and document meal and rest period breaks in the number, length and manner as required. At no time has Plaintiff and the California Class entered into any written agreement with Defendant expressly or impliedly waiving their right to their meal and rest breaks. Plaintiff and the class have been injured by Defendant's failure to comply with Labor Code § 512 and IWC Wage Order 4 and are thus entitled to the wages set forth in Labor Code § 226.7.

82. Pursuant to Bus. & Prof. Code § 17203, Plaintiff requests Defendant make restitution of all wages due to the California Class under this Count, in an amount to be proven at trial.

## COUNT EIGHT

83. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

84. Due to Defendant's illegal classification of Plaintiff and members of the California Class as exempt when they were non-exempt, Defendant knowingly and intentionally failed to provide Plaintiff and members of the California Class with accurate and detailed records of hours worked and wages earned required by Labor Code § 226(a).

85. Therefore, Plaintiff, on behalf of the CA Classes, requests all such relief that this Court deems appropriate pursuant to Labor Code § 226(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A. A Declaration that Defendant has violated the FLSA and other applicable employment laws;

B. An Order designating Nationwide Collective Class as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

15

COMPLAINT [CLASS ACTION]

instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b);

    C.    An Order designating the California Class as a class action pursuant to Federal Rule of Civil Procedure 23;

    D.    An Order appointing Plaintiff and her counsel to represent the Class;

    E.    Imposition of a Constructive Trust on any amount by which Defendant was unjustly enriched at the expense of the Classes as the result of the actions described above;

    F.    An Order enjoining Defendant from any further violations of the FLSA or California law related thereto;

    G.    For compensatory and punitive damages and all other statutory remedies permitted;

    H.    Prejudgment interest;

    I.    An Order awarding attorneys' fees and costs;

    J.    An Order for equitable restitution of all wages improperly withheld, deducted or not reimbursed by Defendant; and

    K.    For all other relief as the Court deems just.

January 18, 2008

WYNNE LAW FIRM

By: _____
Edward J. Wynne
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Telephone: 415-461-6400
Facsimile: 415-461-3900
*Counsel for Plaintiff*

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

16

COMPLAINT [CLASS ACTION]

**JURY DEMAND**

Plaintiff hereby requests a jury trial on all issues so triable.

January 16, 2008

                                  **WYNNE LAW FIRM**

By: *[signature]*
Edward J. Wynne
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Telephone: 415-461-6400
Facsimile: 415-461-3900
*Counsel for Plaintiff*

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

17

COMPLAINT [CLASS ACTION]