WYNNE LAW FIRM
Edward J. Wynne      (SBN 165819)
100 Drakes Landing Road Ste. 275
Greenbrae, CA 94904
Telephone: 415-461-6400
Facsimile: 415-461-3900

Attorneys for Plaintiff DANA GILBERT

LISA M. BERTAIN (SBN 124646)
lisa.bertain@kyl.com
CHRISTOPHER A. STECHER (SBN 215329)
christopher.stecher@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
Four Embarcadero Center, Suite 1500
San Francisco, California  94111
Telephone:    (415) 398-6000
Facsimile:    (415) 981-0136

Attorneys for Defendant CITIGROUP, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GILBERT, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>      v.<br><br>CITIGROUP, INC.,<br><br>        Defendant. | Case No. C-08-0385-SC<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>CASE MANAGEMENT CONFERENCE: JUNE 6, 2008 |

Pursuant to this Court's January 29, 2008 Notice and Fed. R. Civ. P. 26(f), counsel for Plaintiff DANA GILBERT ("Plaintiff" or "Ms. Gilbert") and counsel for Defendant CITIGROUP, INC.[1] ("Defendant" or "Citigroup") conferred regarding those subjects set forth in Fed. R. Civ. P. 16(c) and regarding the issues to be addressed in the Joint Case Management

---

[1] As discussed further in Section B., *infra*, CITIGROUP, INC. contends that it is not a proper party to this matter.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA  94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

1
JOINT CASE MANAGEMENT CONFERENCE STATEMENT (JUNE 6, 2008 CMC) – C-08-0385-SC

Conference Statement. Plaintiff and Defendant (collectively referred to as the "Parties") hereby submit the following Statement.

### A.     Joint request for a continuance of Case Management Conference

The Parties jointly Request that the Court continue the Case Management Conference currently scheduled for June 6, 2008. Good cause to continue the Case Management Conference exists because the Parties have filed a Stipulation and Proposed Order allowing Plaintiff to filing of a Second Amended Complaint, in which Plaintiff intends to add Citibank, N.A. as a named defendant. That Stipulation is presently before the Court for consideration. As a result of the pending Stipulation and imminent filing of the Second Amended Complaint, neither Defendant nor Citibank, N.A. has appeared in this action.

Accordingly, the Parties respectfully request that the Court continue the Case Management Conference until after all Parties have formally appeared in this action. Counsel for the Parties have met and conferred and would be available on July 11, 2008 or as soon thereafter as the Court's schedule permits.

### B.     Jurisdiction and venue

1.     Plaintiff's Position:  Plaintiff alleges that this Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1332(d). Plaintiff further alleges that the amount in controversy exceeds $5,000,000. Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

Plaintiff alleges that venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant is subject to personal jurisdiction in this district.

2.     Defendant's Position:  Defendant contends that it is not a proper party to this litigation. Plaintiff was never an employee of Citigroup. Furthermore, while Plaintiff purports to bring claims on behalf of a putative class of "Business Banking Officers and trainees, or the functional equivalent however titled," no such employees were ever employed by Citigroup.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

2
JOINT CASE MANAGEMENT CONFERENCE STATEMENT (JUNE 6, 2008 CMC) – C-08-0385-SC

Counsel for Citigroup informed Plaintiff's counsel of this fact and further informed Plaintiff's counsel that, based on the claims Plaintiff attempts to assert, the proper legal vehicle related to the claims alleged is Citibank, N.A.  The Parties have stipulated to Plaintiff's filing of a Second Amended Complaint to add Citibank, N.A. as a named defendant.  As of the filing of this Statement, the Court has not ruled on the Parties' Stipulation.  As a result, Citibank, N.A. is not yet a party to this litigation.

**C.**     **Brief chronology of the facts and a statement of the principal factual issues in dispute**

1.     Plaintiff's Position:  Plaintiff alleges that Defendant and Citibank, N.A. failed to properly pay overtime wages to employees entitled Business Banking Officers ("BBOs") during the time BBOs were misclassified as salaried exempt as opposed to nonexempt. Plaintiff further alleges that, on or about June 2007, BBOs were reclassified from salaried-exempt status to hourly-nonexempt status.  Plaintiff also alleges an "off-the-clock" claim based on an allegation that BBOs were not paid for all hours worked subsequent to the time that the BBOs were reclassified from salaried-exempt to hourly-nonexempt.

2.     Defendant's Position:  As discussed above, Defendant contends that it is not a proper party to this litigation.  Defendant contends that neither Plaintiff nor the putative class she seeks to represent were ever employees of Defendant.  Defendant denies that Plaintiff and the putative class she seeks to represent were misclassified.  Defendant further denies that BBOs worked "off the clock" and were not compensated for time they worked.  Furthermore, Defendant anticipates that, once Citibank, N.A. is added as a party to this litigation, Citibank, N.A. will deny Plaintiff's substantive allegations against it and any liability to Plaintiff or the putative class she seeks to represent.

**D.**     **Brief statement of the disputed points of law**

1.     Plaintiff's Position:  Procedurally, Plaintiff has alleged nationwide opt-in classes and California opt-out classes of BBOs (1) alleging misclassification during the time the BBOs were classified as salaried-exempt, and (2) alleging "off-the-clock" work subsequent to the time Defendants reclassified their BBOs from salaried-exempt status to hourly-nonexempt

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA  94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

3

JOINT CASE MANAGEMENT CONFERENCE STATEMENT (JUNE 6, 2008 CMC) – C-08-0385-SC

status.  The California opt-out classes are brought pursuant to Fed.R.Civ.P. 23(b)(3) while the nationwide opt-in classes are brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), respectively.

Substantively, Plaintiff alleges that Defendant misclassified its BBOs as exempt as opposed to non-exempt under California and federal law during the time the BBOs were classified as salaried-exempt in violation of California Labor Code §§ 510, 515 and 1194 and 29 U.S.C. § 207(a).  During the time BBOs were classified as hourly-nonexempt, Plaintiff alleges that BBOs were not paid wages for all hours worked in violation of California Labor Code §§ 1194, 1197.1 and 29 U.S.C. §§ 206, 207.

Plaintiff also alleges certain derivative claims that Defendant failed to reimburse BBOs for all work related expenses in violation of California Labor Code § 2801, failed to provide meal and rest periods in violation of California Labor Code 512 and IWC Wage Order 4, failed to timely pay all wages at termination in violation of California Labor Code §§ 201 and 202, and failed to keep accurate records in violation of California Labor Code § 226.

2.    <u>Defendant's Position</u>:  Defendant denies the putative class is suitable for certification under either Fed.R.Civ.P. 23(b)(3) or the FLSA.  Defendant further denies that BBOs were misclassified under applicable law and otherwise were not properly compensated for work hours or work-related expenses.  Defendant denies that meal and rest periods were not properly provided, denies that wages were paid late, and denies that it did not keep accurate records.  Furthermore, Defendant anticipates that, once Citibank, N.A. is added as a party to this litigation, Citibank, N.A. will deny Plaintiff's substantive allegations against it and any liability to Plaintiff or the putative class she seeks to represent.

**E.    <u>Prior and pending motions and any anticipated motions</u>**

There are no motions currently pending.  Plaintiff anticipates filing a motion for conditional certification and facilitated notice under the FLSA.  Plaintiff further anticipates filing a motion for class certification pursuant to Fed. R. Civ. P. 23.  Defendant anticipates opposing Plaintiff's motions and filing other motions after its investigation and after Citibank, N.A. is brought into the action.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

4
JOINT CASE MANAGEMENT CONFERENCE STATEMENT (JUNE 6, 2008 CMC) – C-08-0385-SC

**F.    Amendment of pleadings**

As discussed further in Section B., *supra*, the Parties have stipulated to Plaintiff's filing of a Second Amended Complaint to add Citibank, N.A. as a named defendant. The Court has not ruled on that Stipulation. Assuming, the Court approves the Parties' stipulation, the Parties do not anticipate further amendment to the pleadings at this time.

**G.    Evidence preservation**

The Parties are taking steps to preserve relevant evidence.

**H.    Disclosures**

The Parties have agreed to exchange initial disclosures by July 3, 2008.

**I.    Discovery**

The Parties will meet and confer to establish a discovery plan after initial disclosures are made and after the Second Amended Complaint is filed.

**J.    Class action**

Plaintiff intends to file a motion for conditional certification and facilitated notice under the FLSA. Plaintiff further anticipates filing a motion for class certification pursuant to Fed. R. Civ. P. 23. Plaintiff contends that this action is appropriate for treatment as both a collective action under the FLSA and as a class action under Fed. R. Civ. P. 23. Defendant denies Plaintiff's contentions and anticipates opposing both motions.

On May 29, 2008, counsel for Plaintiff requested that Defendant enter into a tolling agreement with respect to the FLSA claims of non-California individuals in the putative class. Defendant has not had enough time to consider Plaintiff's counsel's request. Furthermore, given that Citibank, N.A. is not yet a party in this action, Defendant believes this request is premature. However, Defendant will attempt to respond to Plaintiff's counsel's request prior to the continued Case Management Conference.

**K.    Related cases**

The Parties are not currently aware of any related pending cases or proceedings.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

5
JOINT CASE MANAGEMENT CONFERENCE STATEMENT (JUNE 6, 2008 CMC) – C-08-0385-SC

### L. Relief requested

Plaintiff seeks relief in this action to recover unpaid overtime wages, liquidated damages, statutory penalties, restitution, damages, unlawful deductions, meal and rest break violations, attorney's fees and costs pursuant to California Labor Code §§ 203, 226, 510, 512, 1194, 1194.2, 1197.1, and 2802, California Business & Professions Code §§ 17200 et seq. and, 29 U.S.C. § 216(b) on behalf of herself and on behalf of both a California opt-out class and a nationwide opt-in class.

### M. Settlement and ADR

Once Citibank, N.A. is made a party to this action, the Parties will meet and confer regarding possible ADR, including private mediation.

### N. Whether all parties will consent to assignment of the case to a magistrate judge and, if so, whether additional parties are likely to be joined

To date, the Parties have not consented to the assignment of this matter to a magistrate judge.

### O. Other references

The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### P. Narrowing of issues

The Parties believe that it is premature to discuss narrowing of issues. However, the Parties agree to meet and confer as potential issues arise.

### Q. Expedited Schedule

The Parties agree that this is not the type of case that can be handled on an expedited basis with streamlined procedures.

### R. Scheduling

The Parties believe that it is premature to schedule dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial. Scheduling will necessarily depend on the Court's rulings on Plaintiff's anticipated motion for conditional certification and facilitated notice and motion for class certification pursuant to Fed. R. Civ. P.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

6

JOINT CASE MANAGEMENT CONFERENCE STATEMENT (JUNE 6, 2008 CMC) – C-08-0385-SC

23.

**S.    Trial**

Plaintiff has requested a trial by jury.  The Parties believe that it is premature to provide a meaningful estimate regarding the expected length of trial.  The eventual length of trial will depend upon, among other things, the Court's rulings on Plaintiff's anticipated motion for conditional certification and motion for class certification pursuant to Fed. R. Civ. P. 23.

**T.    Disclosure of non-party interested entities or persons**

Plaintiff filed her Certification of Interested Entities or Persons on May 29, 2008. Plaintiff certified that, as of that date, other than the named parties, there was no such interest to report.

Defendant anticipates filing its Certification of Interested Entities or Persons along with its initial appearance in this matter.  As of this date, the undersigned is aware that Citibank, N.A. is an interested entity.

**U.    Other matters**

The Parties have filed a Stipulation and Proposed Order regarding Plaintiff's filing of a Second Amended Complaint.  The Parties request that the Court sign the Proposed Order.  The Parties further request that the Court schedule a further Case Management Conference after all Parties have formally appeared in this action.

Dated:  May 29, 2008                    WYNNE LAW FIRM

                                        _____/s/_____
                                        Edward J. Wynne
                                        Attorneys for Plaintiff DANA GILBERT


Dated:  May 30, 2008                    KEESAL, YOUNG & LOGAN

                                        _____/s/  Christopher A. Stecher[2]_____
                                        Lisa M. Bertain
                                        Christopher A. Stecher
                                        Attorneys for Defendant CITIGROUP, INC.

---

[2] I hereby attest that Plaintiff's counsel, Edward J. Wynne, has authorized me to sign this Statement on his behalf as indicated by a "conformed" signature (/s/).  Keesal, Young & Logan has the written authorization in its files.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA  94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

7
JOINT CASE MANAGEMENT CONFERENCE STATEMENT (JUNE 6, 2008 CMC) – C-08-0385-SC