**WYNNE LAW FIRM**
Edward J. Wynne    (SBN 165819)
100 Drakes Landing Road Ste. 275
Greenbrae, CA 94904
Telephone: 415-461-6400
Facsimile: 415-461-3900


Attorneys for Plaintiff


# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GILBERT, on behalf of herself and all others similarly situated, | Case No. C-08-0385-SC |
| Plaintiff, | SECOND AMENDED COMPLAINT |
| | [CLASS ACTION] |
| v. | |
| CITIGROUP, INC., CITIBANK, N.A., | JURY TRIAL REQUESTED |
| Defendants. | |

Dana Gilbert on behalf of herself and all others similarly situated, alleges as follows:

## INTRODUCTION

1.    This is a nationwide collective action, on behalf of all Business Banking Officers and trainees, or the functional equivalent however titled, who are, or were, employed by Citigroup, Inc., Citibank, N.A., or their parents, subsidiaries, divisions, related or successor companies (hereafter collectively "Defendants") to recover unpaid wages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.    Plaintiff also brings this action as a state-wide class action on behalf of all current and former Business Banking Officers and trainees within the State of California, who are or were employed by Defendant to recover unpaid wages due pursuant to the California

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

1

SECOND AMENDED COMPLAINT
C-08-0385-SC

Labor Code, Industrial Welfare Commission Wage Orders, and the California Business & Professions Code.

3.    Plaintiff is unaware of the names and capacities of all defendants who may have caused or contributed to the harms complained of herein, but will seek leave to amend this complaint once their identities become known to Plaintiff.    Upon information and belief, Plaintiff alleges that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

## SUMMARY OF CLAIMS

4.    Plaintiff brings this suit on behalf of a Nationwide Class defined as all current and former Business Banking Officers and trainees who worked for Defendants at any time in the United States of America from three years prior to the time this action was originally filed to the time the action is certified as a collective action.    The Nationwide Class is comprised of two subclasses:

a.    Nationwide Subclass A is defined as all current and former salaried Business Banking Officers and trainees who worked for Defendants at any time in the United States of America from three years prior to the time this action was originally filed to the time the action is certified as a collective action.

b.    Nationwide Subclass B is defined as current and former hourly Business Banking Officers and trainees who worked for Defendants at any time in the United States of America from three years prior to the time this action was originally filed to the time the action is certified as a collective action.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

2

SECOND AMENDED COMPLAINT
C-08-0385-SC

5.     Plaintiff also brings this suit on behalf of a California Class defined as all current and former Business Banking Officers and trainees who worked for Defendants at any time in California from four years prior to the time this action was originally filed to the time the action is certified as a class action. The California Class is comprised of two subclasses:

a.     California Subclass A is defined as all current and former salaried Business Banking Officers and trainees who worked for Defendants at any time in California from four years prior to the time this action is filed to the time the action is certified as a class action.

b.     California Subclass B is defined as current and former hourly Business Banking Officers and trainees who worked for Defendants at any time in California from four years prior to the time this action was originally filed to the time the action is certified as a class action.

6.     The California Class and the Nationwide Collective Class are hereafter collectively referred to as the "Class."

7.     Plaintiff alleges on behalf of the Nationwide Collective Class who elect to opt-in to this action that they are:  (a) entitled to the minimum wage from Defendants for work for performed off-the-clock without any pay; (b) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay; and, (c) entitled to liquidated damages and penalties pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

8.     Plaintiff alleges on behalf of the California Class who do not opt-out that they are: (a) entitled to wages and penalties for work for performed off-the-clock without any pay; (b) entitled to wages and penalties for overtime work in excess of forty hours in any given workweek, and/or in excess of eight hours in a workday for which they did not receive

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

premium pay at the rate of one and one-half times the employee's regular rate; (c) entitled to wages and penalties for overtime work in excess of twelve hours in any day or for work in excess of eight hours on the seventh day of any workweek at the rate of two times the employee's regular rate; (d) entitled to unpaid wages for Defendant's failure to provide required meal and rest breaks; (e) entitled to penalties for failing to properly and timely pay all wages due and owing at time of termination; (f) entitled to wages and penalties for impermissibly failing to reimburse for all business related expenses; and, (g) entitled to penalties for failing to retain and provide accurate records of actual hours worked and wages earned by Plaintiff and the California Class.

9.    As a result of Defendants' willful violation of the FLSA and California law, Plaintiff and the Class were illegally under-compensated for their work.

## FACTUAL ALLEGATIONS

10.    Plaintiff and the other similarly situated members of the Class with the title Business Banking Officer, Business Banking Officer in training, or the functional equivalent however titled, were inside salespeople, and/or trainees to become inside salespeople, engaged in the sale of financial products on behalf of Defendants, who regularly worked in excess of forty hours per workweek and/or in excess of eight hours per day without any pay and/or premium pay as required by law.

11.    Due to the nature of the job responsibilities and requirements of Defendants' Business Banking Officers, Plaintiff and the members of the Class were required to work more than forty hours a week and/or more than eight hours per day during the course of their employment with Defendants.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

SECOND AMENDED COMPLAINT
C-08-0385-SC

12.    Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for overtime work.

13.    All employees must be paid the minimum wage regardless of their exemption classification.

14.    The duties of Business Banking Officers are set forth in uniform, company-wide policies and procedures promulgated by Defendants.

15.    Pursuant to the Defendants' uniform employment policies, Business Banking Officers were, at certain times during the statutory coverage of this action, paid principally on a salary basis, irrespective of the hours actually worked, and were unlawfully classified as exempt from overtime compensation.

16.    Plaintiff is informed and believes and thereon alleges that on or about June 2007, Defendants reclassified on a class-wide basis all of its Business Banking Officers from salaried exempt to hourly non-exempt status.

17.    Subsequent to Defendants' reclassification of all Business Banking Officers from exempt to non-exempt status, Defendants allowed, suffered and permitted Business Banking Officers to work off-the-clock without pay.

18.    Despite requiring its Business Banking Officers to work overtime hours during the time they were classified as salaried exempt, Defendants did not pay the back wages to the Business Banking Officers that continues to be due and owing.

19.    In reclassifying the Business Banking Officers from exempt to non-exempt, Defendants did not change the duties and responsibilities of the position.

20.    In reclassifying the Business Banking Officers from exempt to non-exempt, Defendants treated the Business Banking Officers as a class.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

SECOND AMENDED COMPLAINT
C-08-0385-SC

21.    In reclassifying the Business Banking Officers from exempt to non-exempt, Defendants revealed that its previous classification of the Business Banking Officers as exempt was illegal and without substantial justification.

22.    Defendants' employment policies regarding Business Banking Officers did not require them to hold any specific degree.

23.    Although the FLSA and California law provide for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

24.    Plaintiff and members of the Class were not administratively exempt because their primary duty was and is the sale of financial products.  Plaintiff and the Class did not perform work directly related to the management policies or general business operations of Defendants or their customers.

25.    Plaintiff and members of the Class were not exempt under the commissioned sales exemption because this exemption is unavailable to Defendants due to the fact that Defendants lack a retail concept.  Additionally, the commissioned sales exemption under California law is not available to Defendants because Defendants' incentive pay program was not a true commission pay plan under the law and/or Class members did not make more than half of their total compensation through the incentive pay plan.

26.    Plaintiff and members of the Class were not exempt under the outside sales exemption under either the FLSA or California law because Business Banking Officers spent nearly all of their time inside one or more of Defendants' locations or traveling in between such locations.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

SECOND AMENDED COMPLAINT
C-08-0385-SC

27.    Plaintiff and the Class do not qualify for the professional exemption under the FLSA or under California law because Business Banking Officers are not employed in a *bona fide* professional capacity, requiring a specific degree in a field of science or learning.

28.    As such, Business Banking Officers, including Plaintiff and members of the Class, were wrongfully classified by Defendants and were not exempt from the requirement of premium pay.

29.    In violation of the FLSA and California law, Plaintiff and the members of the Class have not been paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for work performed over the 40 hour work week and/or over 8 hours in a day.

30.    In violation of the FLSA and California law, Plaintiff and the members of the Class have not been paid the minimum wage for all hours worked as a result of working off-the-clock.

31.    Plaintiff alleges on behalf of the members of the Class that Defendants' failure to pay overtime was knowing and willful.

32.    Evidence reflecting the precise number of overtime hours worked by Plaintiff and every other member of the Class, as well as the applicable compensation rates, is in the possession of Defendants.

33.    Each of the foregoing acts is in contravention of applicable employment laws.

## **JURISDICTION AND VENUE**

34.    This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1332(d).

35.    The amount in controversy exceeds $5,000,000.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

SECOND AMENDED COMPLAINT
C-08-0385-SC

36. Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

37. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

38. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district and the Defendants are subject to personal jurisdiction in this district.

**PARTIES**

39. Plaintiff Dana Gilbert is a resident of the State of California and was employed by Defendants as both a salaried and hourly Business Banking Officer during the statutory time period covered by this Complaint who Defendants failed to compensate for all hours worked.

40. Plaintiff was a Business Banking Officer who worked out of multiple branches of Defendants in the State of California, including but not limited to Defendants' branches operating in this judicial district.

41. For purposes of the Nationwide Class, Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

42. At all relevant times during the applicable class period, Defendants have operated nationwide and has maintained offices within this district and the state conducting business at those locations. Defendants employed, upon information and belief, hundreds of Business Banking Officers in the State of California at any one time and Plaintiff estimates the Nationwide Collective Class far exceeds that amount in total number of participants during the relevant statute of limitations period.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

SECOND AMENDED COMPLAINT
C-08-0385-SC

## COLLECTIVE/CLASS ACTION ALLEGATIONS

43.    Plaintiff brings this action on behalf of the Nationwide Collective Class as a collective action pursuant to the Fair Labor Standards Act, § 216(b) and on behalf of the California Class as a class action for claims under California law pursuant to Federal Rule of Civil Procedure 23.

44.    The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).  The claims under California law may be pursued by all similarly-situated persons who choose not to opt-out of the California Class pursuant to Federal Rule of Civil Procedure 23.

### Allegations Applicable To All Classes

45.    The members of the classes are so numerous that joinder of all members is impracticable.  The exact number of the members of the classes can be determined by reviewing Defendants' records.  Plaintiff is informed and believes and thereon alleges that there are hundreds of individuals in both the Nationwide and California classes.

46.    Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

47.    A class action/collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

48.    A class and collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, the members of

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

SECOND AMENDED COMPLAINT
C-08-0385-SC

the Class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the FLSA and applicable California law.

49.    Even if any member of the Class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.    Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

50.    There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole.    Questions of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action.    Among the common questions of law and fact are:

a.    Whether Business Banking Officers were properly classified as exempt by Defendants from overtime compensation;

b.    Whether Defendants lack a retail concept;

c.    Whether Plaintiff and members of the Class were expected to, and/or did as a matter of corporate policy and practice, regularly work hours in excess of forty per week and/or in excess of eight hours per day;

d.    Whether Defendants allowed, suffered and permitted the Class to work off-the-clock;

e.    Whether Defendants paid the Class the minimum wage;

f.    The manner in which Plaintiff and members of the Class were compensated;

g.    The amounts and types of wage deductions Plaintiff and members of the Class were subject to; and,

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

10

SECOND AMENDED COMPLAINT
C-08-0385-SC

h.    Whether Plaintiff and the Class have sustained damages and, if so, what is the proper measure of damages.

### Allegations Specific To The Nationwide Collective Class

51.    Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of:

> All current and former Business Banking Officers and trainees who worked for Defendants at any time in the United States of America from three years prior to the time this action was originally filed to the time the action is certified as a collective action.

52.    Notice of the pendency and any resolution of this action can be provided to Nationwide Collective Class by mail, print, and/or internet publication.

### Allegations Specific To The California Class

53.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) of on behalf of herself and the following persons similarly situated:

> All current and former Business Banking Officers and trainees who worked for Defendants at any time in California from four years prior to the time this action was originally filed to the time the action is certified as a class action.

54.    In addition to the common issues of fact described above, the Class Members have numerous common issues of fact, including whether Defendants: (a) failed to compensate adequately the members of the California Class for overtime hours worked as required by California Wage Order 4-2001, 8 C.C.R. § 11040 and California Labor Code §§ 510 and 515; (b) failed to pay members of the California Class the minimum wage as required by California Labor Code § 1197.1; (c) committed an act of unfair competition under Business & Professions Code § 17200 et seq., by not paying the required minimum wage and overtime pay as required by applicable law; (d) failed to provide all required meal and rest breaks in violation of

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

SECOND AMENDED COMPLAINT
C-08-0385-SC

California Labor Code § 226.7; (e) failed to maintain and provide members of the California Class with accurate and detailed records of hours worked and wages earned, pursuant to California Labor Code § 226 and 1174; (f) improperly failed to reimburse California Class members for business related expenses in violation of California Labor Code § 2802; and (g) damaged members of the California Classes, and if so, the extent of the damages.

## COUNT ONE

55.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

56.    At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each member of the Nationwide Collective Class within the meaning of the FLSA.

58.    As stated above, Defendants had a policy and practice of refusing to pay overtime compensation to its Business Banking Officers for the hours worked in excess of forty hours per week.

59.    Defendants' failure to pay Plaintiff and all other members of the Nationwide Collective Subclass A for all hours worked in a given workweek, and failure to pay overtime compensation at a rate not less than one and one-half times their regular rate for work performed beyond the 40 hour workweek, is in violation of 29 U.S.C. §§ 206, 207.

60.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

61.    Due to the Defendants' FLSA violations, Plaintiff, on behalf of the members of the Nationwide Collective Subclass A, is entitled to recover from Defendants unpaid overtime

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

SECOND AMENDED COMPLAINT
C-08-0385-SC

compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

### COUNT TWO

62.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

63.    As alleged above, Defendants have a policy and practice of allowing, suffering and permitting the Class to work off-the-clock.

64.    Defendants' failure to pay Plaintiff and all other members of the Nationwide Collective Subclass B for all hours worked and failure to pay the minimum wage is in violation of 29 U.S.C. §§ 206, 207.

65.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

66.    Due to the Defendants' FLSA violations, Plaintiff, on behalf of the members of the Nationwide Collective Subclass B, is entitled to recover from Defendants unpaid wages, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

### COUNT THREE

67.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

68.    The FLSA, mandates that an employee must be paid overtime compensation in an amount equal to one and one-half times the employee's regular rate of pay for all hours worked in excess of forty per week.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

SECOND AMENDED COMPLAINT
C-08-0385-SC

69.     Plaintiff and members of the California Subclass A regularly worked more than forty hours per week, but were not paid overtime compensation in an amount equal to one and one-half times the employee's regular rate of pay.

70.     Plaintiff and members of the California Subclass A did not meet the tests for exemption under the FLSA.

71.     Defendants have committed an act of unfair competition under Bus. & Prof. Code § 17200 *et seq.* by not paying the required FLSA overtime pay to the members of the California Subclass A.

72.     Pursuant to Bus. & Prof. Code § 17203, Plaintiff requests an order requiring Defendants to make restitution of all FLSA overtime wages due to the California Subclass A in an amount to be proved at trial.

## COUNT FOUR

73.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

74.     The FLSA, mandates that an employee must be paid the minimum wage for all hours worked.

75.     Plaintiff and members of the California Subclass B regularly worked hours for which they received no pay.

76.     Defendant allowed, suffered and permitted the members of California Subclass B to work off-the-clock.

77.     Defendants have committed an act of unfair competition under Bus. & Prof. Code § 17200 *et seq.* by not paying the required minimum wage pursuant to the FLSA to the members of the California Subclass B.

WYNNE LAW FIRM
100 Drakes Landing Road
Suite 275
Greenbrae, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

SECOND AMENDED COMPLAINT
C-08-0385-SC

78.    Pursuant to Bus. & Prof. Code § 17203, Plaintiff requests an order requiring Defendants to make restitution of all FLSA wages due to the California Subclass B in an amount to be proved at trial.

## COUNT FIVE

79.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

80.    California Wage Order 4-2001, 8 C.C.R. § 11040 and Labor Code § 510(a) state that an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty per week, and/or eight per day, unless the employee falls under one of the enumerated exemptions.

81.    California Labor Code § 510(a) further states that any work in excess of twelve (12) in one day or in excess of eight (8) hours on the seventh day in one workweek shall be compensated at a rate of no less than twice the employee's regular rate of pay.

82.    Plaintiff and members of the California Subclass A regularly worked more than 40 hours per week, and/or 8 hours per day, and received no premium pay for these hours.

83.    During the statutory time period covered by this action, Plaintiff and members of the California Subclass A did not meet the tests for exempt status under the California Wage Orders and California Labor Code.

84.    Defendants have committed an act of unfair competition under Bus. & Prof. Code § 17200 *et seq.* by not paying the required state law overtime pay to the members of the California Subclass A.

85.    Pursuant to Bus. & Prof. Code § 17203, Plaintiff requests an order requiring Defendants to make restitution of all state law overtime wages due to the California Subclass A in an amount to be proved at trial.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

SECOND AMENDED COMPLAINT
C-08-0385-SC

## COUNT SIX

86.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

87.    California Labor Code § 1197.1 states that an employee must be paid the required minimum wage for all hours worked.

88.    Plaintiff and members of the California Subclass B regularly worked hours for which they received no pay.

89.    Defendants allowed, suffered and permitted the members of California Subclass B to work off-the-clock.

90.    Defendants have committed an act of unfair competition under Bus. & Prof. Code § 17200 *et seq.* by not paying the required state law minimum wage to the members of the California Subclass B.

91.    Pursuant to Bus. & Prof. Code § 17203, Plaintiff requests an order requiring Defendants to make restitution of all state law minimum wages due to the California Subclass B in an amount to be proved at trial.

## COUNT SEVEN

92.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

93.    Pursuant to California Labor Code Section 1194, Plaintiff and members of the California Class are entitled to recover their wages, premium pay, plus interest, attorney's fees, and costs, in amounts to be proven at trial.

## COUNT EIGHT

94.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

SECOND AMENDED COMPLAINT
C-08-0385-SC

95.    Pursuant to California Labor Code Section 1194.2, Plaintiff and members of the California Subclass B are entitled to liquidated damages for failure to pay the minimum wage in amounts to be proven at trial.

## COUNT NINE

96.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

97.    California Labor Code § 2802, as well as applicable case law, states that an employer shall reimburse its employees for all business related expenses reasonably incurred by the employee in the furtherance of his/her duties and responsibilities.

98.    Defendant, pursuant to its Company-wide policy, illegally required members of the California Class to incur business related expenses in order to carry out their duties and responsibilities yet did not reimburse its employees for such expenses which were incurred at the employee's expense for the benefit of Defendant.

99.    Defendant has committed an act of unfair competition by illegally failing to reimburse business related expenses to members of the California Class.

100.    Pursuant to Bus. & Prof. Code § 17203, Plaintiff requests Defendant make restitution of all unpaid expenses due to the California Class, in an amount to be proven at trial.

## COUNT TEN

101.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

102.    Defendant willfully and intentionally failed to pay Plaintiff and the other members of the California Class, who are no longer employed by Defendant, all the wages they were due and/or by the deadlines imposed under Labor Code §§ 201 and 202 upon cessation of the class members' employment with Defendant.    Plaintiff and the other members of the

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

. SECOND AMENDED COMPLAINT
C-08-0385-SC

California Class did not secret or absent themselves from Defendant nor refuse to accept the earned and unpaid wages from Defendant.    Accordingly, Plaintiff and members of the California Class no longer employed by Defendant are entitled to waiting time penalties per Labor Code § 203 of up to thirty (30) days' pay, in an amount to be proven at trial.

## COUNT ELEVEN

103.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

104.    In violation of Labor Code § 512 and IWC Wage Order 4, Defendant failed to provide and document meal and rest period breaks in the number, length and manner as required.    At no time have Plaintiff and the California Subclass A entered into any written agreement with Defendant expressly or impliedly waiving their right to their meal and rest breaks.    Plaintiff and the class have been injured by Defendant's failure to comply with Labor Code § 512 and IWC Wage Order 4 and are thus entitled to the wages set forth in Labor Code § 226.7.

105.    Pursuant to Bus. & Prof. Code § 17203, Plaintiff requests Defendant make restitution of all wages due to the California Subclass A under this Count, in an amount to be proven at trial.

## COUNT TWELVE

106.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

107.    Due to Defendant's illegal classification of Plaintiff and members of the California Subclass A as exempt when they were non-exempt and due to Defendant allowing, suffering and permitting members of the California Subclass B to work off-the-clock,

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

Defendant knowingly and intentionally failed to provide Plaintiff and members of the California Class with accurate and detailed records of hours worked and wages earned required by Labor Code § 226(a).

108.    Therefore, Plaintiff, on behalf of the California Class, requests all such relief that this Court deems appropriate pursuant to Labor Code § 226(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

A.    A Declaration that Defendant has violated the FLSA and other applicable employment laws;

B.    An Order designating Nationwide Collective Class as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b);

C.    An Order designating the California Class as a class action pursuant to Federal Rule of Civil Procedure 23;

D.    An Order appointing Plaintiff and her counsel to represent the Class;

E.    Imposition of a Constructive Trust on any amount by which Defendant was unjustly enriched at the expense of the Classes as the result of the actions described above;

F.    An Order enjoining Defendant from any further violations of the FLSA or California law related thereto;

G.    For compensatory and punitive damages and all other statutory remedies permitted;

H.    Prejudgment interest;

I.    An Order awarding attorneys' fees and costs;

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

SECOND AMENDED COMPLAINT
C-08-0385-SC

J.    An Order for equitable restitution of all wages improperly withheld, deducted or not reimbursed by Defendant; and

K.    For all other relief as the Court deems just.

June 4, 2008

                                        **WYNNE LAW FIRM**

                                        By: _____
                                            Edward J. Wynne
                                            100 Drakes Landing Road, Suite 275
                                            Greenbrae, CA 94904
                                            Telephone: 415-461-6400
                                            Facsimile: 415-461-3900
                                            *Counsel for Plaintiff*

WYNNE LAW FIRM
100 Drakes Landing Road
Suite 275
Greenbrae, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

20

SECOND AMENDED COMPLAINT
C-08-0385-SC

## JURY DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

June 4, 2008

**WYNNE LAW FIRM**

By: _____
Edward J. Wynne
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Telephone: 415-461-6400
Facsimile: 415-461-3900
*Counsel for Plaintiff*

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

21

SECOND AMENDED COMPLAINT
C-08-0385-SC