1
2
3
4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6
DANA GILBERT, on behalf of herself )    Case No. 08-0385 SC
7    and all others similarly situated, )
                                       )    ORDER GRANTING IN
8          Plaintiff,                  )    PART AND DENYING IN
                                       )    PART PLAINTIFF'S
9       v.                             )    MOTION FOR
                                       )    CONDITIONAL
10   CITIGROUP, INC., CITIBANK, N.A.,  )    CERTIFICATION AND
                                       )    <u>FACILITATED NOTICE</u>
11         Defendants.                 )
                                       )
12   _____ )

13   **I.   <u>INTRODUCTION</u>**

14         This matter comes before the Court on the Motion for

15   Conditional Certification and Facilitated Notice submitted by

16   Plaintiff Dana Gilbert.  Docket No. 31.  Defendants Citigroup Inc.

17   and Citibank, N.A. (collectively "Defendants") filed an Opposition

18   and Plaintiff submitted a Reply.  <u>See</u> Docket Nos. 38, 59.  For the

19   following reasons, the Court GRANTS IN PART and DENIES IN PART

20   Plaintiff's Motion.

21

22   **II.  <u>BACKGROUND</u>**

23         Plaintiff worked for Citibank as a Business Banking Officer

24   ("BBO") from October 2006 to November 2007.  Gilbert Decl., Docket

25   No. 33, ¶ 2.  As a BBO, she sold Citibank's basic business

26   products and services.  <u>Id.</u> ¶ 7.  Plaintiff worked in Citibank's

27   Financial Centers in Pleasant Hill, California and Walnut Creek,

28   California.  <u>Id.</u> ¶ 3.  Plaintiff was paid on a salaried basis from

United States District Court
For the Northern District of California

October 2006 until approximately June 2007. Id. ¶ 4. Thereafter, she was paid on an hourly basis. Id. Plaintiff contends that, by paying a salary, Defendants misclassified her and other BBOs as exempt employees and failed to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. See Second Am. Compl. ("SAC"), Docket No. 16, ¶¶ 55-61. Plaintiff contends that when paid by the hour, Defendants failed to pay her and other BBOs for hours worked "off-the-clock" in violation of the FLSA. Id. ¶¶ 62-66. Plaintiff moves the Court to conditionally certify her misclassification claim and her "off-the-clock" claim as a collective action under the FLSA. Mot. at 1.

**III.  CONDITIONAL CERTIFICATION**

    **A.   Legal Standard**

Section 16(b) of the FLSA provides employees with a private right of action to sue an employer for violations of the Act "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). To join an FLSA "collective action" as a plaintiff, an employee must affirmatively opt-in by filing a written "consent to join" in the court where the action is pending. See id.

A majority of courts, including district courts in the Ninth Circuit, have adopted a two-stage certification procedure for collective actions brought under the FLSA. See, e.g., Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102-03 (10th Cir. 2001); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th

2

Cir. 2001); <u>Escobar v. Whiteside Construction Corp.</u>, No. 08-1120, 2008 WL 3915715, at *3 (N.D. Cal. Aug. 21, 2008); <u>Beauperthuy v. 24 Hour Fitness USA, Inc.</u>, No. 06-0715, 2007 WL 707475, at *5 (N.D. Cal. Mar. 6, 2007); <u>Leuthold v. Destination Am., Inc.</u>, 224 F.R.D. 462, 466 (N.D. Cal. 2004).  At the first stage, the district court approves conditional certification upon a minimal showing that the members of the proposed class are "similarly situated"; at the second stage, usually initiated by a motion to decertify, the court engages in a more searching review. <u>Beauperthuy</u>, 2007 WL 707475 at *5.

The FLSA does not define "similarly situated," and the Ninth Circuit has not spoken to the issue.  The Supreme Court, in <u>Hoffmann-La Roche, Inc. v. Sperling</u>, 493 U.S. 165, 170 (1989), left the term undefined.[1]  However, the Supreme Court indicated that a proper collective action encourages judicial efficiency by addressing in a single proceeding claims of multiple plaintiffs who share "common issues of law and fact arising from the same alleged [prohibited] activity."  <u>Id.</u>  Courts have distilled this into the requirement that a proponent for conditional certification present the court with "nothing more than substantial allegations that putative class members were together the victims of a single decision, policy, or plan." <u>Thiessen</u>, 267 F.3d at 1102 (internal quotations omitted); <u>see also</u>, <u>e.g.</u>, <u>Gerlach v. Wells Fargo & Co.</u>, No. 05-0585, 2006 WL 824652, at *2

---

[1]   <u>Hoffmann-La Roche</u> addressed a collective action brought under the Age Discrimination in Employment Act, which, the Court recognized, incorporates § 16(b) of the FLSA.  493 U.S. at 170.

United States District Court
For the Northern District of California

1    (N.D. Cal. Mar. 28, 2006).  Given that a motion for conditional

2    certification usually comes before much discovery, and is made in

3    anticipation of a later more searching review, a movant bears a

4    very light burden in substantiating its allegations at this stage.

5    <u>See</u>, <u>e.g.</u>, <u>Beauperthuy</u>, 2007 WL 707475 at *5.

6         **B.   <u>Collective Action is Appropriate</u>**

7         Plaintiff has met the burden for conditional certification of

8    the collective action.  Plaintiff and four other current or former

9    BBOs submitted sworn declarations in support of the Motion.  <u>See</u>

10   Gilbert Decl.; Klein Decl.; Micuch Decl.; Owen Decl.; Perry Decl.

11   Docket Nos. 33-37.  These declarations show that Plaintiff and

12   other BBOs employed at different locations throughout California

13   shared the same or similar job responsibilities.  <u>See</u> Gilbert

14   Decl. ¶¶ 7-17; Klein Decl. ¶¶ 8-15; Micuch Decl. ¶¶ 7-15; Owen

15   Decl. ¶¶ 8-16; Perry Decl. ¶¶ 8-16.  Plaintiff also submitted a

16   document indicating that BBOs throughout North America were

17   subject to the same variable compensation plan.  <u>See</u> Wynne Decl.,

18   Docket No. 32, Ex. 3 ("BBO Variable Compensation Brochure").

19        Plaintiff has provided evidence showing that she and other

20   BBOs were subject to the same allegedly illegal company-wide

21   policy - namely, Citibank's failure to pay overtime compensation

22   to BBOs both before and after their reclassification.  Around the

23   middle of 2007, Defendants reclassified four of the five

24   declarants.[2]  <u>See</u> Gilbert Decl. ¶ 6; Klein Decl. ¶ 6; Micuch Decl.

25

26        [2] Brian Perry was not reclassified simply because he was no
     longer working for Citibank by the middle of 2007.  <u>See</u> Perry Decl.
27   ¶ 2.

28                                    4

**United States District Court**
For the Northern District of California

¶ 4; Owen Decl. ¶ 4.  Before the reclassification, they were paid a salary, and afterwards, they were paid by the hour.  See Gilbert Decl. ¶ 4; Klein Decl. ¶ 4; Micuch Decl. ¶ 4; Owen Decl. ¶ 4; Perry Decl. ¶ 4.  Four of the declarants state they worked overtime hours both before and after the reclassification.  See Gilbert Decl. ¶ 5; Klein Decl. ¶ 5; Micuch Decl. ¶ 5; Owen Decl. ¶ 5.  Brian Perry states he worked overtime hours during the time he was employed as a BBO at Citibank.  Perry Decl. ¶ 5.

Defendants do not dispute that BBOs throughout the country were initially classified as exempt.  Opp'n at 6.  Defendants state that as part of an organizational restructuring, the BBO position was eliminated.  Sebok Decl., Docket No. 40, ¶ 13; Phillips Decl., Docket No. 41, ¶ 9.  Nationwide, BBOs were transferred to other positions in early to mid 2007.[3]  Sebok Decl. ¶ 13; Phillips Decl. ¶ 9.  While Defendants vigorously dispute that the classification of BBOs as exempt was illegal, or that former BBOs were encouraged to work "off-the-clock" following their transfer to new positions, neither side contests that BBOs throughout the country were transferred to new positions around the middle of 2007.  Based on this undisputed fact, coupled with Plaintiff's submission of five declarations and a document indicating BBOs were compensated in the same way nationwide, the Court concludes that Plaintiff has met her light burden of substantially alleging that BBOs were together the victims of a

---

[3] While the declarants state they were reclassified around May or June 2007, Defendants state the organizational restructuring occurred in California in April 2007.

5

United States District Court

For the Northern District of California

single decision, policy, or plan. <u>See</u> <u>Escobar</u>, 2008 WL 3915715 at

*3 (finding conditional certification warranted based on

allegations in complaint and statements in three declarations);

<u>Leuthold</u>, 224 F.R.D. at 468 (same); <u>see</u> <u>also</u> <u>Ballaris v. Wacker</u>

<u>Siltronic Corp.</u>, No. 00-1627, 2001 WL 1335809 (D. Or. Aug. 24,

2001)(finding that affidavits of two employees were sufficient for

conditional certification).

    In opposing the Motion, Defendants rely primarily on <u>Trinh v.</u>

<u>JP Morgan Chase & Co.</u>, where the court denied a motion for

conditional certification because the plaintiffs failed to show

they were similarly situated to other members of the proposed

class. No. 07-1666, 2008 WL 1860161 (S.D. Cal. Apr. 22, 2008).

In <u>Trinh</u>, the two sub-prime loan officers who brought the suit

worked at JP Morgan for less than six months, only closed a single

loan between them, and were ultimately terminated for poor

performance and misconduct, respectively. <u>Id.</u> at *1. Despite the

fact that they briefly worked in only one office, and did not

submit declarations from any other sub-prime loan officers, the

plaintiffs sought to conditionally certify a class of all JP

Morgan loan officers throughout the country. <u>Id.</u>

    Here, Plaintiff has filed declarations from four other BBOs

who worked in different branches throughout California, and each

worked for longer than one year. <u>See</u> Klein Decl. ¶¶ 2-3; Micuch

Decl. ¶¶ 2-3; Owen Decl. ¶ 2; Perry Decl. ¶¶ 2-3. While Perry

left Citibank before the reclassification, Plaintiff and the other

BBOs were reclassified around the middle of 2007, and they allege

they worked overtime hours both before and after being

reclassified.  Plaintiff also submitted a document indicating that BBOs are compensated in the same way throughout North America. See BBO Variable Compensation Brochure.  Unlike the evidence in Trinh, the evidence here is sufficient to warrant conditional certification.

The Court is not persuaded by the other cases cited in Defendants' Opposition.  Maddock v. KB Homes, Inc., 248 F.R.D. 229 (C.D. Cal. 2007) was decided under Federal Rule of Civil Procedure 23 rather than the lenient FLSA standard for conditional certification.  Defendants cite to cases where extensive discovery had already occurred and that were decided under the more rigorous second stage analysis.  See, e.g., Pfohl v. Farmers Ins. Group, 2004 WL 554834 (C.D. Cal. 2004); Holt v. Rite Aid, 333 F. Supp. 2d 1265 (M.D. Ala. 2004); Basco v. Wal-Mart Stores, Inc., 2004 WL 1497709 (E.D. La. 2004).  Defendants also tend to rely on cases where there was no evidence to support conditional certification beyond the allegations in the complaint.  See, e.g., Haynes v. Singer Co., 696 F.2d 884 (11th Cir. 1983); Harper v. Lovett's Buffet, Inc., 185 F.R.D. 358, 363 (M.D. Ala. 1999).

Defendants contend that determining exempt status or determining "off-the-clock" issues necessarily involves individualized inquiries, which requires the Court to deny conditional certification.  Opp'n at 12-18.  Defendants submit numerous declarations showing how the job duties of BBOs varied widely.  See, e.g., Sebok Decl., ¶¶ 5-7, 13; Phillips Decl. ¶ 9, Ilano Decl., Docket No. 42, ¶¶ 7, 9; Villamizar Decl., Docket No.

7

45, ¶¶ 7-9; Nolan Decl., Docket No. 46, ¶ 4.[4]   Defendants also argue that resolution of Plaintiff's "off-the-clock" claims would require testimony from numerous supervisors and employees.   Opp'n at 16-18.

The Court finds that Defendants' concern about individualized inquiries does not require the Court to deny conditional certification.   See Escobar, 2008 WL 3915715 at *5 (disagreeing with defendants' argument that FLSA claims require numerous individualized inquiries that render them inappropriate for conditional certification).   Under the two-stage certification procedure, Defendants can present this evidence and make these arguments as part of a motion to decertify the class once discovery is complete.   See Leuthold, 224 F.R.D. at 467.   At that second stage of the certification procedure, the Court must make a factual determination regarding the propriety and scope of the class by considering the following factors: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations.   Id.   At this first stage of the procedure, however, Plaintiff has met her burden of showing she is similarly situated to other BBOs for purposes of providing notice.   The Court GRANTS Plaintiff's motion for conditional certification of the collective action.

---

[4] Plaintiffs submitted evidentiary objections to many of Defendants' declarations.   See Docket No. 61.   Since the Court's Order does not rely on this evidence, the Court does not rule on Plaintiff's objections.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    **IV.   SCOPE OF PROPOSED COLLECTIVE CLASS**

2        **A.   Geographical Limitation**

3        Defendants argue that if conditional certification is

4    granted, then the conditional class should be limited to BBOs who

5    worked in Citibank's Walnut Creek, Pleasant Hill, Concord, Fresno,

6    or San Diego branches, or in California at the outside extreme.

7    Opp'n at 18; Objections to Proposed Notice at 1.  Defendants base

8    this request on the fact that Plaintiff has submitted declarations

9    from BBOs who worked in seven California branches only.  Opp'n at

10   5.  Defendants point out that, between February 2006 and April

11   2007, there were approximately 878 individuals in ten different

12   states and the District of Columbia who held the position of BBO

13   or BBO in training at Citibank.  Opp'n at 4; McSherry-Knight

14   Decl., Docket No. 52, ¶ 5.

15       In Hoffmann-La Roche, the Supreme Court recognized the

16   discretion of district courts to facilitate the process by which

17   potential plaintiffs are notified of FLSA collective actions.  493

18   U.S. at 169-70.  Exercising this discretion, the Court finds that

19   Defendants' proposed geographical limitations are not appropriate.

20   Defendants themselves concede that BBOs throughout the country

21   were transferred to new positions in early to mid 2007.  See Sebok

22   Decl. ¶ 13; Phillips Decl. ¶ 9.  Plaintiff submitted a document

23   indicating that BBOs throughout North America were compensated in

24   the same way.  See BBO Variable Compensation Brochure.  This

25   evidence in conjunction with five declarations from BBOs who

26   worked at seven California branches of Citibank is sufficient for

27   conditional certification of the proposed nationwide class.  See

28
                                    9

Adams v. Inter-Con Sec. Sys., Inc., 242 F.R.D. 530, 537-38 (N.D. Cal. 2007)("For conditional certification, plaintiffs do not need to provide evidence that every facility relevant to the proposed class maintains an illegal policy . . . Rather, the named plaintiff must demonstrate that there existed at least one similarly situated person at a facility other than her own.").

**B.   Temporal Limitation and Equitable Tolling**

Plaintiff seeks authorization for the mailing of a proposed notice to "[a]ll Business Banking Officers and/or Trainees for the Business Banking Officer position of Citibank, N.A. and/or Citigroup, Inc. between January 22, 2005 to the present." Wynne Decl. Ex. 1 ("Proposed Notice"). The statute of limitations for a claim under the FLSA is two years, but if the violation is willful, the statute of limitations is extended to three years. See 29 U.S.C. § 255(a). Plaintiff therefore seeks to toll the statute of limitations as of the date she filed her Complaint, January 22, 2008. Although Plaintiff's Motion contains no argument to support equitable tolling, Plaintiff contends in her reply brief that equitable tolling is appropriate because Defendants have unreasonably refused to provide any contact information as to any potential class members. See Reply at 15. Defendant objects to Plaintiff's effort to toll the statute of limitations. See Opp'n at 21-22; Objections to Proposed Notice at 2-4.

"Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

plaintiff's control made it impossible to file a claim on time." Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999).  Federal courts have typically extended equitable relief only sparingly. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).  Here, Plaintiff has not alleged extraordinary circumstances, and Defendants' refusal to provide contact information prior to certification does not count as wrongful conduct.  See Prentice v. Fund for Pub. Interest Research, No. 06-7776, 2007 WL 2729187, at *3-4 (N.D. Cal. 2007); Gerlach, 2006 WL 824652, at *2.  The FLSA does not require Defendants to provide contact information until after the court certifies the collective action.  See Adams, 242 F.R.D. at 543 (citing Hoffmann-LaRoche, 493 U.S. at 170).

The Court DENIES Plaintiff's request to authorize mailing notice to BBOs who have been employed since January 22, 2005. Defendants propose sending notice to BBOs who have been employed since February 6, 2006, which is three years prior to the hearing date for Plaintiff's Motion.  See Objections to Proposed Notice at 3-4.  The Court adopts Defendants' proposal.

**V.    PRODUCTION OF CONTACT INFORMATION AND SOCIAL SECURITY NUMBERS**

To facilitate notice, Plaintiff requests that Defendants be ordered to produce all last known addresses, residence telephone numbers, cell phone numbers, email addresses, and social security numbers of potential class members.  Mot. at 18.  Defendants object to the request that they be ordered to produce confidential employee information to Plaintiff and instead suggest that the information be provided to a third-party notice administrator.

11

United States District Court

For the Northern District of California

Opp'n at 22-3.  Plaintiffs do not object to the use of a notice administrator, but emphasize that social security numbers be provided to facilitate skip-tracing of the class members' addresses.  Reply at 15.

Since both sides agree that use of a notice administrator is appropriate, the Court orders the parties to meet and confer within ten calendar days from the date of this order regarding the appointment of a notice administrator.  Plaintiff can appoint a notice administrator acceptable to Defendants.[5]  Plaintiff is responsible for all costs and expenses of the notice administrator.

The Court orders Defendants to produce the names, addresses, telephone numbers, and email addresses of potential class members to the notice administrator.  At this juncture, the Court will not require Defendants to produce social security numbers.  Plaintiffs may move to compel production of social security numbers if this contact information is not sufficient to provide notice to a large percentage of the potential class members.

**VI.  FORM OF NOTICE**

Defendants object to the case caption in the Proposed Notice. Objections to Proposed Notice at 4.  Plaintiff agrees to removal of the case caption.  Reply to Objections at 5.  Defendants also object to the date and signature block at the end of the Proposed

[5] Defendants suggest using Rust Consulting or Rosenthal & Company LLC, who apparently are notice administrators Plaintiff's counsel has used before.  Opp'n at 24 n.25; see also Stecher Decl., Docket No. 55, ¶¶ 7-9.

12

Notice.  Objections to Proposed Notice at 4.  Both the case caption and the signature block must be removed from the Notice. Like the case caption, the signature block could also "give a false impression of judicial endorsement of [Plaintiff's] position where none exists."  See Prentice, 2007 WL 2729187 at *5.

Defendants request that additional language be added to the Notice stating that if an individual opts into the action, the named Plaintiff will have the right to make decisions on behalf of the opt-in Plaintiff concerning the litigation, and that those decisions are generally binding.  Objections to Proposed Notice at 4.  The Court GRANTS Defendants' request.  The additional language should be added to Section V of the Notice, entitled "Effect of Joining this Suit."

**VII.  <u>CONCLUSION</u>**

For the reasons stated above, Plaintiff's Motion for Conditional Certification and Facilitated Notice is GRANTED IN PART and DENIED IN PART.  The Court ORDERS as follows:

1.  This action is certified as a collective action pursuant to 29 U.S.C. § 216(b).  Covered Employees include all Business Banking Officers and/or Trainees for the Business Banking Officer position of Citibank, N.A. and/or Citigroup, Inc. between February 6, 2006 to the present.

2.  The parties shall meet and confer within ten (10) calendar days from the date of this order regarding the appointment of a notice administrator.  Plaintiff can

appoint a notice administrator acceptable to Defendants. Plaintiff will be responsible for all costs and expenses of the notice administrator.

3.   Defendants shall provide the names, addresses, telephone numbers, and email addresses of potential class members to the notice administrator within thirty (30) days of the appointment of the notice administrator.

4.   The caption and signature block shall be removed from the Proposed Notice, and additional language shall be added stating that if an individual opts into the action, the named Plaintiff will have the right to make decisions on behalf of the opt-in Plaintiff concerning the litigation, and that those decisions are generally binding.

IT IS SO ORDERED.

Dated: February 18, 2009

_____
UNITED STATES DISTRICT JUDGE

14