United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANA GILBERT, et al.,

    Plaintiffs,

    v.

CITIGROUP, INC, et al.

    Defendants.
_____/

No. C 08-0385 SC (JL)

**DISCOVERY ORDER
(Granting Docket # 82)**

    The Court received the parties' separate statements regarding their discovery dispute, e-filed pursuant to this Court's Standing Order.

    On April 2, 2009, this Court issued its order to Defendant Citigroup to *inter alia*, "respond to Interrogatory No. 1 fully and directly to Plaintiff regarding the Rule 23 class." (Order e-filed at Docket # 73 at 16:12-13).

    Plaintiffs' Interrogatory No. 1 asks Citigroup to identify "all California Class members and Federal Class members."

    The Court also expressly ruled that "as discussed above, the Business Banker position is included in the scope of discovery because otherwise, Defendant would not have any responsive information after early to mid 2007, since the Business Banking Officer position ceased to exist. Defendant must respond completely to the interrogatory as written." *Id.* at 18:21-24.

1    Plaintiffs ask the Court to issue a further order that Plaintiffs are entitled to the names and contact information for employees of Defendant who were Business Bankers during the statutory time period covered by this action in both California (January 24 to the present) and nationwide (February 2006 to the present).

   Defendant seeks to limit its response to Business Banking Officers who had transitioned into the Business Banker position. Defendant did not produce any information for people who had only held the Business Banker position, contending that those people were not covered by this Court's order.

   The Court carefully considered the parties' statements and hereby grants Plaintiff's request, although it should not be necessary. The previous order clearly and unequivocally ordered production of the contact information for Business Bankers, since it expressly instructed Defendant to produce information for all employees who were members of both the Federal and California classes, and for all Business Banking Officers and Business Bankers. Defendant did not object to the Court's April 2 order, pursuant to Civil Local Rule 72, and any argument that the order is ambiguous would be disingenuous at best.

   The Court denies Plaintiffs' motion for sanctions without prejudice at this time, but will entertain a motion for monetary sanctions, should there be any delay in Defendant's response. Compliance was due within ten days of the issuance of the previous discovery order on April 2, almost two months ago. Defendant shall produce a full response to Interrogatory No. 1, including contact information for Business Bankers, within one week after the issuance of this order.

   IT IS SO ORDERED.

DATED: June 2, 2009

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\08-0385\Order re 82, 84.wpd